## In the Court of Common Pleas of Schuylkill County.

### DAVID G. YUENGLING v. THE COMMISSIONERS OF SCHUYLKILL COUNTY.

Before the Court of Common Pleas can entertain an appeal for an increased assessment, there must be an appeal to the Board of Commissioners and a final decision by it.

Petition for an appeal by Plaintiff from the increased assessment of two lots and brewery. 1st Feb., 1875. Motion on part of defendants to quash the appeal.

Opinion delivered March 8, 1875, by

GREEN, J.  We think this application for an appeal from the decision of the commissioners as to the increased assessment of plaintiff's

property is premature, for the reason that the evidence before us shows that there has been no final decision of the commissioners as to this assessment. The notice of the increase was signed and given by the assessor, and the evidence clearly shows that the board of commissioners intended hearing an appeal from the increased assessment. No time was fixed for the hearing of an appeal, and no appeal has been made to the commissioners. Had such a time been fixed, and had the party then neglected to attend his appeal, he would have been deprived of the benefit of an appeal to the court. But no time for such an appeal having been fixed, we think that under the provisions of the Act of Assembly of 16 April, 1834, sec. 16, Purdon's Dig., vol. 2, page 1361, pl. 27, Mr. Yuengling has a right to an appeal at any time before the payment of the tax. The section reads as follows: "It shall be. the duty of the commissioners to hear appeals at any subsequent time when they may be in session, previous to the payment of the tax, and to make such alterations as they might have done on the regular day of appeal; provided," &c. Therefore, before entertaining this appeal, we think there must be an appeal to the board of Commissioners; and a final decision by it, after which a party aggrieved may appeal to the Court of Common Pleas in accordance with the provisions of the Act of Assembly of 10 May, 1871. Pamphlet Laws, 1871, p. 665.. This case is readily distinguished from Kimber v. the County of Schuylkill, 8 Harris, 366. The facts of that case show that there had been a final decision by the commissioners, of the assessment, and therefore the appeal lay to the court. In the present case, as we have before said, there has been no such decision, and therefore the present application is premature.

An appeal to the commissioners may save any necessity for further litigation. If we were to entertain this motion for an appeal, at the present stage of these proceedings, it would establish a precedent that might be the source of much needless litigation hereafter.

The present proceeding is not an appeal, but a petition for an appeal and for the reasons given we are constrained to disallow the same for the present.